IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**PEREZ-RUBERO,**

    Plaintiff,

    v.

**NAMCO CYBERTAINMENT, INC.,**

    Defendant.

Civil No. 11-2234 (GAG)

**OPINION AND ORDER**

Alberto Perez-Rubero ("Plaintiff") brings this action seeking damages for being terminated from his position as route manager for NAMCO Cybertainnment, Inc. ("Defendant"). Plaintiff claims he was unjustly terminated pursuant to Puerto Rico Law 100 of June 30, 1959 ("Law 100"), P.R. Laws Ann. tit. 29, §§ 146 *et seq.* and Puerto Rico Law 80 of May 30, 1976 ("Law 80"), P.R. Laws Ann. tit. 29, §§ 185a *et seq.* Plaintiff filed this complaint in the Court of First Instance San Juan (Docket No. 1-2) and Defendant removed to this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Docket No. 1). Presently before the court is Defendant's motion for partial dismissal of Plaintiff's Law 100 claim for lack of causal connection between Plaintiff's termination and Plaintiff's age. Plaintiff opposed this motion (Docket No. 21). The court **GRANTS** Defendant's motion (Docket No. 17).

**I.    Standard of Review**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to

**Civil No. 11-2234 (GAG)**                                                                 2

state a claim upon which relief can be granted. See FED.R.CIV.P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 556 U.S. 662, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

**II.     Discussion**

Plaintiff fails to allege sufficient facts to support his Law 100 claim. Plaintiff states he was replaced by Hector Reyes who is less than 30 years old. (See Docket No. 15 at ¶ 12.) Based on this representation, Plaintiff concludes he was discriminated because of his age. (See id. at ¶ 13.) Without more, this legal conclusion cannot withstand Defendant's motion to dismiss. See Iqbal, 129 S. Ct. at 1949. There is no direct evidence that Plaintiff points to demonstrating Defendant discriminated against Plaintiff due to his age. There is no allegation that Defendant treated younger, similarly situated individuals differently than Plaintiff. Such allegations would be sufficient to allow the court to infer Defendant's reason for terminating Plaintiff was pre-textual. However, due to the lack of such allegations, the court cannot make such an inference. Therefore the court **GRANTS** Defendant's partial motion to dismiss Plaintiff's Law 100 claim with prejudice (Docket No. 17).

Additionally, without the Law 100 claim, this court does not have jurisdiction to adjudicate the remaining Law 80 claim. Law 80 has a statutory limit for damages. Based on Plaintiff's salary of $31,000, this statutory limit ensures, to a legal certainty, that Plaintiff will not recover damages in excess of $75,000. When damages are limited, to a legal certainly, to $75,000 or less a federal

**Civil No. 11-2234 (GAG)**                              3

court, in a diversity case, does not have jurisdiction.  See Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41-42 (1st Cir. 2012).  Therefore the court **REMANDS** the Law 80 claim to The Court of First Instance San Juan.

### III. Conclusion

For the reasons set forth above, the court **GRANTS** Defendant's motion to dismiss at Docket No. 17 and **REMANDS** the remaining Law 80 claim.

**SO ORDERED.**

In San Juan, Puerto Rico this 26th day of March, 2012.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge